cedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

### AI YU CHEN, Petitioner,

v.

### UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] United States Attorney General, Respondent.

### No. 03–4501–AG.

United States Court of Appeals, Second Circuit.

April 12, 2006.

David X. Feng, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Diane J. Cagino, Assistant United States Attorney, Albany, New York, for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Ai Yu Chen petitions for review of a February 14, 2003 decision by the BIA affirming a November 2001 decision of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues a short opinion affirming the IJ's decision in part and modifying it in part, this Court reviews the IJ's opinion as modified by the BIA. *See Xue Hong Yang v. U.S. DOJ*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

Chen correctly points out that the IJ labeled her testimony as "internally inconsistent," without identifying any inconsistencies in her testimony. However, given the context in which that statement was made, we are confident that the IJ was referring to the fact that her testimony was inconsistent with that of her husband. The IJ found, and the BIA agreed, that there were numerous inconsistencies between Chen's testimony and that of her husband. Based on the record before us, we conclude that substantial evidence supports the IJ and BIA's adverse credibility ruling.

mer Attorney General John Ashcroft as the respondent in this case.

We do not review Chen's withholding of removal and CAT claims, because Chen has failed to present any factual or legal arguments as to why she is entitled to such relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).